IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PETER JOHN BARNES and
MICHELLE DENISE HEIDENRICH BARNES,

    Plaintiffs,

v.                                                          CASE NO. 1:10-cv-163-SPM-GRJ

INTERNAL REVENUE SERVICE,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    Plaintiffs initiated this case by filing a *pro se* complaint under 42 U.S.C. § 1346 (Doc. 1), alleging that Defendant Internal Revenue Service ("IRS") erroneously denied Plaintiffs' claim for a tax refund for tax year 2003. The case is presently before the Court on Doc. 10, Defendant's motion to dismiss the complaint for failure to state a claim upon which relief may be granted (styled as a "motion for judgment as a matter of law"). In response, Plaintiffs also filed a "motion for judgment as a matter of law" opposing dismissal. Doc. 15. Both parties filed further argument in support of their respective positions. Docs. 17, 18. For the following reasons, the undersigned recommends that Defendant's motion to dismiss be granted and that judgment be entered in Defendant's favor.

**I. Background**

    According to the Complaint and attached exhibits, Plaintiffs are United States citizens who lived in Australia from January 2002 to June 2008, during which time they paid income tax to Australia. Plaintiffs were unaware that they were required to file

United States income tax returns during that time, even if they owed no U.S. tax, until they received notice from the IRS in October 2006.  The instant Complaint concerns Plaintiffs' tax return for 2003, which they filed on February 8, 2007.  In that return, Plaintiffs reported total U.S. federal taxes withheld of $30.33, and claimed a refund in that same amount, which they received from the IRS on June 12, 2007.

Plaintiffs subsequently filed an amended return for tax year 2003 on June 12, 2008.  In the amended return, Plaintiffs reported an additional "payment" of $2000.00, representing a claim for the "additional child tax credit."  Based on the amended reported combined payments of $2030.33, Plaintiffs sought an additional refund in the amount of $2000.00.  The IRS denied the amended claim for refund as untimely.  Plaintiffs contend that their request for a refund was timely because (1) under the wording of IRS instructions for Form 1040X, it is unclear whether amended returns should be filed within three years of the due date or within three years of the date a return is actually filed, and (2) they are entitled to the benefit of the 10-year statutory limitations provision that is applicable to the "foreign tax credit."  Doc. 1 at 12 (citing 26 U.S.C § 6511(d)(3)); Doc. 15.

In the motion to dismiss, Defendant argues that the applicable statute limits a tax refund to that portion of the tax paid within a three year period preceding the date that the claim for a refund is filed, plus any extensions.  Doc. 10 at 2 (citing 26 U.S.C § 6511(b)(2)(A)).  During the relevant time period (April 12, 2005, to June 12, 2008), Plaintiffs paid $30.33 in taxes, which was fully refunded.  Because no other taxes were paid during that time period for 2003, Plaintiffs were not eligible for an additional tax refund for 2003.  Doc. 10.

In their response and motion, Doc. 15, Plaintiffs contend that by filing an amended return for tax year 2003, in which they sought to change the treatment of their Australian income from Form 2555 ("Foreign Earned Income Exclusion") to Form 1116 ("Foreign Tax Credit"), they were entitled to file IRS Form 8812 and claim an additional child tax credit. Plaintiffs argue that a refund of the $2000.00 additional child tax credit is available to eligible taxpayers "even if they paid no tax in a given tax year." Doc. 15. Plaintiffs contend that the change in the treatment of their Australian income entitles them to the limitations period applicable to refunds pertaining to foreign tax credits. In opposition, Defendant contends that Plaintiffs' reliance on tax laws governing treatment of foreign tax credits is misplaced because Plaintiffs claim a refund based on the additional child tax credit. Doc. 17.

## II.  Standard of Review

Defendant contends that Plaintiff's Complaint fails to state a claim upon which relief may be granted, and accordingly the Court will treat the motion as one pursuant to Fed. R. Civ. P. 12(b)(6). For the purposes of the motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiffs, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g., Jackson v. Okaloosa County, Fla.,* 21 F. 3d 1532, 1534 (11th Cir. 1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed. R. Civ. P. 10(c); *GSW, Inc. V. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993).

In *Ashcroft v. Iqbal*, ____ U.S. ___, 129 S. Ct. 1937, 1950 (2009), the U.S. Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss

under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief.  The pleadings of *pro se* litigants are entitled to the benefit of liberal construction, but must still comply with the applicable pleading standards.  See  *Hopkins v. St. Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).

### III.  Discussion

Accepting the factual allegations of the Complaint as true, including Plaintiffs' assertion that they attempted in good faith to comply with IRS laws, it is clear that Defendant's motion to dismiss is due to be granted.  It is undisputed that Plaintiffs paid a total of $30.33 in U.S. federal income taxes for tax year 2003 in the three-year period preceding the filing of the amended return on June 12, 2008, and that they received a refund in full of such tax payment.  Pursuant to 28 U.S.C § 6511(b)(2)(A) (governing "limit on amount of credit or refund"), "the amount of the credit or refund *shall not exceed the portion of the tax paid within the period*, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." (emphasis added); *see McKinzy v. IRS*, 335 Fed. Appx. 660 (8th Cir. 2009).  Thus, while certain taxpayers who meet all of the requirements may be eligible to claim a refundable additional child tax credit that exceeds their tax liability for a given tax year[1], taxpayers such as Plaintiffs who claim a refund or credit for a prior tax year are subject

---

[1] *See* IRS Publication 972 for a full explanation of the Child Tax Credit and Additional Child Tax Credit.

*Case No: 1:10-cv-163-SPM-GRJ*

to the refund limitations set forth in § 6511(b)(2)(A).  Such limitations periods serve the goal of encouraging timely filing of tax claims; they "are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary."  *Kavanaugh v. Noble*, 332 U.S. 535, 539 (1947) (citation omitted).

The Court agrees with Defendant that the limitation on refunds set forth in § 6511(d)(3), which provides "special rules relating to foreign tax credit," is facially inapplicable to Plaintiffs' claim for a refund with respect to the additional child tax credit. Because Plaintiffs received a full refund of all U.S. taxes paid during the relevant period preceding the amended complaint, they were precluded from claiming an additional $2000.00 refund in their amended filing.  *See* 28 U.S.C § 6115(b)(2)(A).

## IV.  Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED:**

That Defendant's motion to dismiss, Doc. 10, be **GRANTED**, that Plaintiff's motion for a judgment as a matter of law, Doc. 15, be **DENIED**, and that judgment be entered in Defendant's favor**.**

**IN CHAMBERS**  this 12th day of September 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:10-cv-163-SPM-GRJ*